# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1212
Filed February 11, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Ricardo Velez Jr.,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Marshall County,
The Honorable Kathryn E. Austin, Judge.

---

**AFFIRMED**

---

Christopher A. Clausen of Clausen Law Office, Ames, attorney for
appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Badding, P.J., Sandy, J., and Doyle, S.J.
Opinion by Badding, P.J.

**BADDING, Presiding Judge.**

Richard Velez Jr. appeals his conviction and sentence for second-degree harassment from what he said was a "family argument" with his brother's girlfriend, L.G. While Velez questions whether the weight of the evidence supported the jury's verdict, he also makes an argument about the sufficiency of the evidence. Velez further contends that the district court failed to provide adequate reasons for ordering his sentence to run consecutively to the sentence in another case.

Unpacking Velez's first claim, we conclude that he failed to preserve error on a challenge to the weight of the evidence because he did not file a motion for new trial. *See State v. Kramer*, No. 16-2048, 2018 WL 346454, at *7 (Iowa Ct. App. Jan. 10, 2018) ("[I]n order to preserve a challenge to the weight of the evidence, [the defendant] must have filed a motion for new trial alleging the same."); *State v. Kucharo*, No. 22-1881, 2024 WL 2842307, at *1 n.1 (Iowa Ct. App. June 5, 2024) (same). As a result, we turn directly to the merits of Velez's sufficiency challenge.

We review that challenge for the correction of errors at law. *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022). We are "highly deferential to the jury's verdict," which "binds this court if [it] is supported by substantial evidence." *State v. Burns*, 988 N.W.2d 352, 370 (Iowa 2023) (cleaned up). "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Brimmer*, 983 N.W.2d at 256 (cleaned up).

The marshaling instruction for harassment in the second degree required the State to prove:

1. On or about March 12, 2024, the defendant purposely and without legitimate purpose had personal contact with [L.G.].

2. The Defendant did so with the specific intent to threaten, intimidate, or alarm [L.G.].

3. The Defendant communicated a threat to commit bodily injury.

Velez contests the third element, arguing the evidence showed that he only made one statement to L.G: "Let's go outside and I'll fuck you over." He contends "that a reasonable person of at least ordinary intelligence" would not "think of [that statement] as a threat to inflict some form of bodily injury." But as Velez recognizes in his appellate brief, "threats need not be explicit; they may be made by innuendo or suggestion and need only be definite and understandable by a reasonable person of ordinary intelligence." *State v. Lacey*, 968 N.W.2d 792, 804 (Iowa 2021) (cleaned up). In determining "whether a reasonable person of ordinary intelligence would interpret another's statement as a threat, the statement is viewed in light of the surrounding circumstances." *Id.* (cleaned up). We agree with the State that it was apparent from the circumstances "that Velez was threatening physical violence."

L.G. testified that she had been at her neighbor's house the night of the argument. She left her four children asleep in the apartment with Velez. When she returned home, L.G. said that Velez was upset: "He just started threatening me. He was in my face, and by then my kids were awake crying." She called her neighbor for help, who quickly came over with her phone and began to record the argument. The recording captured Velez yelling and screaming at L.G. After Velez "just basically threatened [them] and then went to the knife drawer," which was empty, L.G. called the police. She testified that Velez continued "just wanting to be physical" and wanting her

to "go outside to fight him," even though they were asking him to leave. By the time officers arrived, L.G. was "very scared" and crying.

While Velez contends that his statement—"Let's go outside and I'll fuck you over"—could have multiple other meanings, that determination was for the jury. *See Brimmer*, 983 N.W.2d at 256 ("It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." (cleaned up)). Given the context of the statement, the jury could rationally conclude that Velez was threatening to commit a bodily injury. *See Lacey*, 968 N.W.2d at 804 (finding the statement, "I'm gonna beat you," was sufficient to establish a threat to commit bodily injury).

We also agree with the State that "even *without* that statement," the evidence was sufficient to support the jury's verdict. The neighbor testified that Velez "threatened to kill" them during the argument. Although Velez argued that threat could not be heard on the recording, it was "for the jury to decide which evidence to accept or reject." *Brimmer*, 983 N.W.2d at 256. For these reasons, we find sufficient evidence to establish that Velez communicated a threat to cause bodily injury and affirm his conviction for harassment in the second degree.

As for Velez's sentencing challenge, the record shows that the district court provided adequate reasons for its decision to impose consecutive sentences. *See* Iowa R. Crim. P. 2.23(2)(g) (requiring the court to "particularly state the reason for imposition of any consecutive sentence"). After ordering Velez to serve 365 days in jail for the harassment conviction, the court explained:

> I have made this decision because I believe it provides for Mr. Velez's rehabilitation as well as his protection of the community. I have considered

his age, criminal history, as well as the facts and circumstances of the case and the argument of the parties. *I have determined the consecutive sentence is appropriate based on the charges that Mr. Velez was on probation for and then was back in for another harassment case.*

(Emphasis added.)

Velez argues the court "does not appear to have provided any reason, beyond stating that [he] was on probation for harassment when he was charged in the instant offense." But that was sufficient. *See, e.g.*, *State v. Wiles*, No. 22-1391, 2023 WL 8801795, at *5 (Iowa Ct. App. Dec. 20, 2023) (finding no abuse of discretion where the court relied on the fact that the defendant was on probation and committed another offense in determining consecutive sentences were appropriate). Iowa law does not require a long or detailed recitation—only that the record reveals the court's reasoning. *See State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015) ("a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" (citation omitted)). Because the record complies with that standard, we affirm Velez's sentence.

**AFFIRMED.**